EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------

**SUMMONS**

SANDRA CANOTE,

Index No.

                              Plaintiff,

v.

Date Purchased:

Jurisdiction is based on CPLR 301.
The basis of venue is CPLR 503(a).

THE LAUNDRESS, LLC

                              Defendant.

-----------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANT:

The Laundress, LLC
199 Prince Street
New York, New York 10012

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, if this summons is personally delivered to you within the State of New York, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and, in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint, with interest from the earliest ascertainable date, plus the costs and disbursements of this action.

Dated: November 10, 2025
     New York, New York

**SEEGER WEISS LLP**

By: /s/ *Michael L. Rosenberg*
Michael L. Rosenberg (NY ID# 2375798)
100 Church Street
8th Floor, Suite 835
New York, New York 10005
Phone: 212-584-0700
Fax:    212-584-0799
mrosenberg@seegerweiss.com

Case 1:25-cv-09508-JMF    Document 1-1    Filed 11/13/25    Page 3 of 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------
SANDRA CANOTE,                                    Index No.


                                   Plaintiff,

v.
                                                 **VERIFIED COMPLAINT**

THE LAUNDRESS, LLC


                                   Defendant.
------------------------------------------------------------------x

Plaintiff SANDRA CANOTE ("Plaintiff"), by and through her attorneys, Seeger Weiss LLP, hereby brings this Complaint against Defendant The Laundress, LLC ("Laundress" or "Defendant") and alleges as follows:

## NATURE OF CLAIM

1. This case arises out of defective laundry and household cleaning products, The Laundress products, which were marketed, sold, manufactured, and distributed by Defendant, were at all relevant times contaminated with dangerous bacteria which proximately caused bodily injury to the Plaintiff.

2. Plaintiff brings this action under the laws of the State of California.

## JURISDICTON AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to CPLR § 301 and § 302, in that the Defendant resides within the State of New York and committed tortious acts within the State of New York.

4. Jurisdiction is appropriate in this Court pursuant to CPLR § 301 and § 302, in that the Defendant resides within the State of New York and committed tortious acts within the State of New York.

1

5.      Venue is appropriate in this Court pursuant to CPLR §503 in that the Defendant's principal place of business is in this County.

6.      This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction

## PARTIES

7. Plaintiff Sandra Canote, at all relevant times, is an adult residing in the State of California.

8. Defendant The Laundress, LLC is a Delaware Corporation with its principal place of business at 199 Prince Street, New York, New York 10012 and/or 247 West 30th Street, New York, New York 10001.

## FACTS

### I.    The Laundress Products and Defendant's Marketing and Distribution

9.   The Laundress was founded in 2004 and offered "a collection of fabric-specific products scented with sophisticated fragrances that extend the lifespan of clothing and eliminate the chemicals and cost of dry cleaning." [1]

10. The Laundress portfolio consists of 85 "eco-friendly" laundry and household cleaning products, which include, but are not limited to, detergents, stain solutions, all-purposes bleach alternatives, and fabric conditioners.

11. In January 2019, Unilever United States, Inc. ("Unilever") acquired The Laundress for $100,000,000. [2]

---

[1] www.thelaundress.com/pages/about-us

[2] UNILEVER, *Unilever acquires The Laundress* (Jan. 27, 2019), https://www.unilever.com/news/press-and-media/press-releases/2019/unilever-acquires-the-laundress/

2

12. Since January 2019, Unilever and Laundress have marketed, sold, manufactured, and distributed The Laundress products. When acquiring Laundress in 2019, Unilever also stated that Laundress "will continue to operate from their NYC headquarters with the co-founders remaining in place to lead the business and their NYC Flagship store in Soho."

13. Defendant's sales and marketing leadership, as well as its accounting, financial, and legal departments, are all based in its New York headquarters. Furthermore, upon information and belief, Defendant's marketing, marketing analysis, and sales and financial documents were created and are located at its New York headquarters.

14. Defendant and its management—from its New York headquarters—collaborated in developing, manufacturing, and distributing Laundress products, and the December 2022 recalls of those products, with the products' labeling uniformly stating "New York" under Defendant's name. Upon information and belief, Defendant created and/or authorized the false and misleading representations and omissions from New York.

15. One of Laundress's co-founders described their products as providing "a highly effective, non-toxic line of fabric care and home cleaning products."[3]

16. Unilever and/or Laundress markets Laundress products to consumers looking for non-toxic and eco-friendly alternatives to other cleaning brands.

17. Laundress products are offered for sale online at TheLaundress.com, Amazon.com, and additional websites, as well as in stores at The Laundress, Bloomingdale's, the Container Store, Saks Fifth Avenue, Target, Nordstrom, Jenni Kayne, Kith, Peruvian Connection, N.Peal, Brooklinen, and other major retailers nationwide.

---

[3] *Id.*

3

## II.   Plaintiff's Purchase of The Laundress Products & Resulting Injury

18. Plaintiff suffers from systemic lupus erythematosus, which compromises her immune system. Accordingly, Plaintiff was interested in finding cleaning products that were free from harmful germs, chemicals and toxins.

19. The Laundress products appeared to meet her needs as they were advertised as plant-based, toxin-free, and promised to deliver the same results as the more toxic alternatives.

20. Plaintiff purchased her first The Laundress products in 2018 and continued to purchase and use them on a regular basis until August 2022.

21. Plaintiff purchased the following The Laundress products online from The Laundress website and from the Jenni Kayne website:

- Fabric Conditioner
- Delicate Wash
- Wool & Cashmere Shampoo
- Home Spray
- Jenni Kaye Lavender Musk Detergent
- Ironing Water
- Classic Signature Detergent
- Stain Solution

22. Plaintiff used The Laundress products to clean numerous surfaces and fabrics throughout her household, including but not limited to towels, bedding, blankets, pillows, and clothing.

23. In approximately August 2022, Plaintiff developed multiple skin infections all over her body and was eventually hospitalized from November to December 2022 for her infections, as well as fevers. She tested positive for *Klebsiella* during that hospitalization. A culture taken on January 5, 2023, shortly after she was discharged from the hospital, was positive for *Pseudomonas*. She

4

was then hospitalized in February 2023. During that hospitalization, she was diagnosed with severe sepsis, erythroderma of the upper extremities, chest and back, scaly rash of bilateral upper extremities and face, immunocompromised host with asplenia and neutropenia, and recurrent/refractory left *Pseudomonas otitis exterrna* per cultures taken on February 14, 2023. She was hospitalized again in April 2023 for fevers and the continued rash on her legs and inner thighs.

### III.    **The Recall**

24. On November 17, 2022, The Laundress, through Unilever, posted a "safety notice" on their website and social media pages with the following message:

> This safety notice is to inform you to immediately stop using all The Laundress products in your possession. We have identified the potential presence of elevated levels of bacteria in some of our products that present a safety concern.
>
> Based on our investigation to date, we are not aware of any adverse health impacts related to this issue.
>
> Your safety and the quality of our products is our top priority. We are working closely with our suppliers to ensure that our products meet our standards and expectations.
> We apologize for this situation and appreciation your attention to this notice.
>
> We will communicate an update about the products impacted and how to obtain a reimbursement or replacement as soon as possible.
>
> The Laundress Team

25. A few weeks later, on December 1, 2022, Unilever recalled approximately 8 million The Laundress products that were contaminated with bacteria such as multiple different species of *Pseudomonas*.

26. The recalled The Laundress products were identified by lot codes.

27. The Laundress products that Plaintiff purchased and used match the recalled lot codes.

5

28. *Pseudomonas* are known to be highly toxic bacteria that can cause serious infections, severe tissue damage, pneumonia, septicemia, and even death.

29. *Pseudomonas* are known as a "superbug" due to their high mutation rate and antibiotic resistance characteristics.

30. *Pseudomonas* can survive on inanimate surfaces for months and can be transmitted through airborne exposure and skin contact.

31. *Pseudomonas* are especially dangerous and life-threatening to immunocompromised individuals, especially in the context of inhalation and skin ingestion.

32. Defendant had exclusive knowledge of The Laundress products contents and knew or should have known that their products purported to be "non-toxic" were the exact opposite.

33. Based on consumer reports, its quality assurance program, and the unique attributes of its products, Defendant knew or had reason to know of the bacterial contamination of the products prior Plaintiff's purchase of the products and prior to her resulting injury.

34. Defendant knew or should have known that consumers, such as Plaintiff, would continuously use the product throughout their households, including but not limited to, on their clothes, bedding, and furniture increasing the likelihood that someone would come into close proximately and/or direct contact with the toxic bacteria.

35. Defendant's conduct as described above was malicious and egregious in that it intentionally concealed knowledge of toxins contained in their products from consumers, including Plaintiff.

36. Defendant acted, as described above, in wanton and willful disregard of consumers' rights, including Plaintiff's, in that they had actual knowledge that a high degree of probability of harm could result to consumers when their marketed "non-toxic" organic products were infected with toxic bacteria.

6

37. Thus, Defendant's acts or omissions and reckless indifference to the consequences of their acts and omissions constitutes willful and wanton conduct.

## CAUSES OF ACTION

### COUNT I: PRODUCT LIABILITY – MANUFACTURING DEFECT

38. Plaintiff repeats and reallege each and every paragraph of this Complaint as if fully set forth herein.

39. Plaintiff brings this cause of action under the laws of the State of California.

40. At all times relevant to this matter, Defendant designed, manufactured, developed, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

41. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

42. Unbeknownst to Plaintiff, the manufacturing process used to manufacture The Laundress household cleaning products was defective in that it contaminated the products with dangerous bacteria as described in more detail above, thus rendering the products defective, unreasonably dangerous, and hazardous.

43. The contaminated The Laundress products were then sold, supplied, and/or distributed to Plaintiff by Defendant.

44. The defective condition during the manufacturing process existed when The Laundress products left the Defendant's possession.

45. Defendant is strictly liable to Plaintiff for this manufacturing defect pursuant to the laws of the State of California.

46. As a foreseeable direct and proximate result of the products being in a defective

7

Case 1:25-cv-09508-JMF    Document 1-1    Filed 11/13/25    Page 10 of 21

condition, unreasonably dangerous as described above, Plaintiff sustained bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

### COUNT II: PRODUCT LIABILITY – DESIGN DEFECT

47. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

48. Plaintiff brings this cause of action under the laws of the State of California.

49. At all times relevant to this matter, Defendant designed, manufactured, developed, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

50. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

51. The Laundress products were unreasonably dangerous in design, in that they posed a health hazard to consumers, and were not reasonably fit, suitable, or safe for their intended purpose.

52. The Laundress products are defective in design in that they pose a greater likelihood of injury and are more dangerous than other available cleaning products that do not suffer from the same bacterial contamination as The Laundress products.

53. If the design defects were known at the time of manufacture, a reasonable person would have concluded that the utility of The Laundress products as designed did not outweigh their serious risks.

54. The defective condition of The Laundress products renders them unreasonably dangerous and/or unsafe, and the products were in this defective condition as the time they left

8

the possession and/or control of Defendants.

55. Defendant is strictly liable to Plaintiff for this design defect pursuant to the laws of the State of California.

56. As a foreseeable direct and proximate result of the products being in a defective condition, unreasonably dangerous as described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

## COUNT III: PRODUCT LIABILITY – FAILURE TO WARN

57. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

58. Plaintiff brings this cause of action under the laws of the State of California.

59. At all times relevant to this matter, Defendant designed, manufactured, developed, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

60. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

61. Despite that Defendant knew or should have known of the bacterial contamination of its products prior to Plaintiff's purchase of the products and her resulting injury, and prior to the November safety notice based on consumer reports, its quality assurance program, and the unique attributes of its products, Defendant failed to properly and adequately warn and instruct Plaintiff as to all of the ingredients in The Laundress products as well as the potential hazardous risks and health consequences of using those products.

62. Defendant is strictly liable to Plaintiff for this failure to warn pursuant to the laws of

9

the State of California.

63. As a foreseeable direct and proximate result of the products being in a defective condition, unreasonably dangerous as described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief  this Court deems equitable and just, plus costs of suit.

## COUNT IV: NEGLIGENCE

64. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

65. Plaintiff brings this cause of action under the laws of the State of California.

66. At all times relevant to this matter, Defendant designed, manufactured, developed, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

67. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

68. Defendant had a duty to provide safe, non-toxic cleaning products to Plaintiff as they expressly marketed.

69. Unbeknownst to Plaintiff, Defendant breached that duty when it was negligent in the manufacturing and/or design of The Laundress household cleaning products and permitted the products to become contaminated with hazardous bacteria as described in more detail above.

70. As a foreseeable direct and proximate result of Defendant's negligence as described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief  this Court deems equitable and just, plus costs of suit.

10

## COUNT V: NEGLIGENT MISREPRESENTATION

71. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

72. Plaintiff brings this cause of action under the laws of the State of California.

73. Defendant had a duty to accurately and truthfully represent to consumers, including Plaintiff, that The Laundress products were "non-toxic"; however, the representations made by Defendant were false in that The Laundress products contained hazardous bacteria as described in more detail herein.

74. Defendant failed to exercise ordinary care in the representations concerning The Laundress products while it was involved in their design, manufacturing process, testing,

quality assurance, quality control, labeling, marketing, sales process, and/or supply and distribution since it negligently misrepresented the hazardous bacteria present in the products  as described in more detail herein.

75. Defendant breached its duty in representing to consumers, including Plaintiff, that  The Laundress products were "non-toxic", when they in fact were just the opposite.

76. As a foreseeable, direct, and proximate result of the negligent misrepresentation of Defendant as set forth herein, Defendant knew, and had reason to know, that The Laundress products had been insufficiently tested, or had not been tested at all, and that they lacked adequate and accurate warnings, and that it created a high risk of health hazards.

77. As a direct and proximate result of the negligent misrepresentations described above, Plaintiff suffered bodily injury.

11

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

### COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

79. Plaintiff brings this cause of action under the laws of the State of California.

80. Defendant carelessly and negligently manufactured, designed, developed, tested, labeled, marketed, sold, and distributed The Laundress products, carelessly and negligently concealed the hazardous risks associated with The Laundress products, and carelessly and negligently misrepresented the quality, safety, and non-toxic characteristics of The Laundress products.

81. Plaintiff was directly impacted by Defendant's carelessness and negligence, in that Plaintiff has sustained, and will continue to sustain severe emotional distress, as a result of her decision to purchase and use The Laundress products.

82. As a direct and proximate result of Defendant's negligence described above, Plaintiff suffered bodily injury and suffered emotional distress as a foreseeable, direct, and proximate result.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

### COUNT VII: FRAUDULENT CONCEALMENT

83. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

84. Plaintiff brings this cause of action under the laws of the State of California.

85. At all times relevant to this matter, Defendant knew that The Laundress products were

12

defective and unreasonably safe for their intended purposes.

86. Defendant fraudulently concealed from and/or failed to disclose to or warn consumers, including Plaintiff, that The Laundress products were defective, unsafe, unfit for the purposes intended, and not of merchantable quality.

87. Defendant owed a duty to Plaintiff to disclose and warn of the defective nature of The Laundress products, which it failed to do.

88. The facts concealed and/or not disclosed by Defendant to consumers, including Plaintiff, were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use The Laundress products.

89. Defendants intentionally concealed and/or failed to disclose the true defective nature of The Laundress products so that consumers, including Plaintiff, would continue to purchase those products.

90. Plaintiff justifiably relied upon, to their detriment, the concealed and/or non-disclosed facts as evidenced by her purchase and use of The Laundress products.

91. As a foreseeable, direct, and proximate cause of Defendant's fraudulent concealment, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief  this Court deems equitable and just, plus costs of suit.

## COUNT VIII: CONSUMER FRAUD

92. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

93. Plaintiff brings this cause of action under the laws of the State of California.

13

94. At all times relevant to this matter, Defendant designed, manufactured, developed, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

95. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

96. Defendant knew or should have known that their products did not or would not conform to their representations and warranties because the product was defective as described herein.

97. Defendant concealed knowledge of the serious risks associated with the defective The Laundress products, concealed testing and research data, quality assurance data, and consumer reports, and concealed the fact that The Laundress products were defective.

98. Defendant's representations, actions, and conduct regarding The Laundress products were in or affecting commerce.

99. Defendant obtained money from Plaintiff for The Laundress products under false pretenses since they advertised, marketed, and represented that the products were safe and "non-toxic".

100. Unfair or deceptive acts or practices include representing that goods have characteristics or ingredients or uses or benefits or qualities that they do not have; advertising goods with the intent not to sell them as advertised; and engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding.

101. Defendant had a duty to refrain from unfair or deceptive acts or trade practices in the design, manufacturing, development, testing, labeling, marketing, sale, supply and/or distribution of The Laundress products.

102. Had Defendant not engaged in the deceptive conduct described herein, Plaintiff

14

would not have purchased and/or paid for The Laundress products and would not have incurred related medical expenses and damages.

101. Defendants' actions and conduct as described herein constitute consumer fraud in violation of California law.

102. As a foreseeable, direct, and proximate result of Defendant's unfair and deceptive conduct described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demand judgment against Defendant for damage, interest, and such other relief this Court deems equitable and just, plus costs of suit.

## COUNT IX: BREACH OF EXPRESS WARRANTY

103. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

104. Plaintiff brings this cause of action under the laws of the State of California.

105. At all times relevant to this matter, Defendant designed, manufactured, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

106. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

107. At all relevant times hereto, Defendant expressly warranted that The Laundress products were "non-toxic" and safe for use by consumers, that they were of merchantable quality, and that they were adequately tested and fit for their intended use.

108. Defendant breached those express warranties in that The Laundress products contained toxic bacteria and were not safe for use by consumers, were not of merchantable quality, and were not adequately tested or fit for their intended use.

109. Plaintiff relied upon Defendant's express warranties when she purchased and used

15

Case 1:25-cv-09508-JMF    Document 1-1    Filed 11/13/25    Page 18 of 21

The Laundress products as intended.

110. At the time of making such express warranties, Defendant knew or should have known that The Laundress products did not conform to those express representations because The Laundress products were not safe and were contaminated with hazardous bacteria.

111. Defendants' conduct constitutes breach of express warranties under California law (Cal. Com. Code §2313).

112. As a foreseeable, direct, and proximate cause of the Defendant's conduct described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demands judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

## COUNT X: BREACH OF IMPLIED WARRANTY

113. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth herein.

114. Plaintiff brings this cause of action under the laws of the State of California.

115. At all relevant times hereto, Defendant designed, manufactured, tested, labeled, marketed, sold, supplied and/or distributed The Laundress household cleaning products, which were marketed as luxury, non-toxic cleaning products.

116. As described in more detail above, Plaintiff purchased The Laundress household cleaning products and used them for their intended purposes.

117. At all relevant times hereto, Defendant impliedly warranted that The Laundress products were safe for use by consumers, that they were of merchantable quality, and that they were adequately tested and fit for their intended use.

118. Defendant breached those implied warranties in that The Laundress products contained toxic bacteria and were not safe for use by consumers, were not of merchantable quality,

16

and were not adequately tested or fit for their intended use.

119. Plaintiff relied upon Defendant's implied warranties when she purchased and used The Laundress products as intended.

120. Defendant knew or should have known that The Laundress products do not conform to those implied warranties because The Laundress products were not safe and were contaminated with hazardous bacteria.

121. Defendant's conduct was a breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose under Cal. Com. Code §2314 and §2315.

122. As a foreseeable, direct, and proximate cause of the Defendant's conduct described above, Plaintiff suffered bodily injury.

WHEREFORE, Plaintiff demand judgment against Defendant for damage, interest, attorney's fees, costs, and such other relief this Court deems equitable and just, plus costs of suit.

## DAMAGES

123. Plaintiff seeks compensation for the following damages that resulted from the actions and inactions described herein:

    a.  Past and future mental anguish;

    b.  Past and future physical pain and suffering;

    c.  Medical expenses Plaintiff has incurred;

    d.  Costs of suit;

    e.  Reasonable and necessary attorney's fees to the extent provided for under the law;

    f.  Punitive damages; and

    g.  Any and all other relief this Court deems just and equitable.

17

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:        New York, New York
              November 10, 2025

                                   SEEGER WEISS LLP

                                   By: _____
                                   Michael Rosenberg (NY ID# 2375798)
                                   SEEGER WEISS LLP
                                   Attorneys for Plaintiff
                                   100 Church Street
                                   8th Floor, Suite 835
                                   New York, NY  10005
                                   Phone: 212-584-0700
                                   Fax:    212-584-0799
                                   mrosenberg@seegerweiss.com

18

Case 1:25-cv-09508-JMF   Document 1-1   Filed 11/13/25   Page 21 of 21

## VERIFICATION

SANDRA CANOTE affirms as follows:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.



—————————————————————
Sandra Canote, Plaintiff

19